## TERRITORY OF HAWAII *v.* JOHN PALAKIKO AND JAMES EDWARD MAJORS.

### No. 2739.

Argued April 24, 1950.      Decided May 2, 1950.

KEMP, C. J., LE BARON AND TOWSE, JJ.

OPINION OF THE COURT BY LE BARON, J.

The defendants were jointly indicted for murder in the first degree on three counts to meet the proof, the first being for murder while committing the crime of rape, the second for murder while attempting to commit the crime of rape and the third for murder with extreme atrocity and cruelty. On arraignment the trial court entered pleas of not guilty and appointed three attorneys of defendants' choice to defend them jointly. At the close of the prosecution's case during a joint trial which extended to a period of more than a month, the defense rested. The verdict of the jury was guilty as charged and both defendants were sentenced to be hanged.

The assignment of errors specifies six alleged errors of trial upon which the defendants rely. The first four pertain to the admission of evidence and the last two concern comments of the assistant public prosecutor in his

argument to the jury. All but the first two involve confessions of the defendants.

The first assignment singles out from among the eight articles of clothing found on the body of the murdered woman one of those articles received in evidence. It questions the admission of that article on the ground that it may have prejudiced the jury against the defendants.

The second assignment attacks the receiving of the testimony of a witness, describing the apprehension of one defendant and the escape of the other while they were attempting to steal an automobile a few days after the discovery of the murder, on the ground that such testimony was too remote and had no bearing upon the crime for which the defendants were charged.

The third assignment challenges the admissibility of three confessions made by defendant Majors and of one by defendant Palakiko on the ground that such confessions were not made voluntarily.

The fourth assignment alleges error in the trial court's refusal to. delete from the four confessions all reference by one defendant to the other in the commission of the crime.

The fifth and sixth assignments attack certain arguments of the assistant public prosecutor to the jury upon a matter allegedly not supported by confession of either defendant, and upon another admittedly supported by the confession of one defendant and allegedly not supported by that of the other, but employed against that other in purported disregard of the trial court's instructions.

Upon review of the record in consideration of the alleged errors, no useful purpose would be served by a recital of the sordid facts involved in this case. Nor has this court been able to discover any factual basis relative to those errors upon which to predicate a question of law requiring appellate attention, the admissions of evidence

492

depicted in the first four alleged errors being clearly proper and the comments to the jury described by the last two alleged errors being well within the permissive scope and latitude of argument as circumscribed by the instructions of the trial court. This state of reality is apparent from the undisputed evidence of the case, from which this court finds that the confessions of the defendants as subjects of the last four alleged errors were voluntarily made without the slightest indication of force, threat, duress, or promise of reward or immunity and therefore clearly admissible. Moreover, each confession patently demonstrates that it either is substantially the same as the others or so complements them that they all constitute a whole evidencing every element of murder in the first degree as charged in the indictment. But the final and most comprehensive confession of the four evidencing in summation as it does all the elements of that murder and implicating both defendants as the perpetrators was made by Majors in the presence of Palakiko, who thereupon adopted that confession as his own by declaring it to be "the right story." Corroborative of those correlated confessions is the article of clothing, the subject of the first alleged error, it tending to prove rape or attempted rape as one of the elements of that murder to a greater extent than any other article of clothing found on the body of the murdered woman and introduced in evidence. Further corroborative thereof and clearly admissible is the testimony against which the second alleged error is directed, that testimony establishing the facts and circumstances of the arrest of one and the escape of the other defendant after the murder and tending to prove the identity of each in close association with the other. Merely to state the above findings of this court demonstrates that the alleged errors are so devoid of merit that they require no further consideration. Suffice it to say that, although ably represented by counsel,

the defendants have been unable to show that any errors were committed below and have raised no question of law as applied to the facts and circumstances of this case.

Nevertheless, sentences of death have been entered and this court is under the solemn mandate of statute to "review the evidence to determine whether the interests of justice require a new trial," irrespective of the fact that no specification of alleged error to an insufficiency of evidence has been relied upon or seriously argued. (R. L. H. 1945, § 9564. See *Territory* v. *Alcosiba,* 36 Haw. 231.) Pursuant to that mandate, the voluminous record has been scrupulously studied and the evidence carefully reviewed. As a result, this court finds an abundance of substantial evidence which is not only undisputed, but conclusively proves guilt, and that the record unquestionably demonstrates that the defendants throughout received a fair and impartial trial under proper instructions of law. Accordingly, it is the opinion of this court that the interests of justice do not require a new trial and that there is no ground upon which to disturb the judgment.

Judgment affirmed.

*T. S. Goo, G. Y. Kobayashi* and *B. K. Kobayashi* (also on the brief) for plaintiffs in error.

*A. R. Hawkins,* Assistant Public Prosecutor (also on the brief), for the Territory.